**FULLANA CONSTRUCTION COMPANY, Defendant, Appellant,**

v.

**Joseph F. GRASSE, Plaintiff, Appellee.**

No. 5241.

United States Court of Appeals
First Circuit.
March 20, 1958.

Jose Antonio Luina, Santurce, P. R., for appellant.

Orlando J. Antonsanti, San Juan, P. R., for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and STALEY, Circuit Judges.

## PER CURIAM.

The appellee, as assignee of American Paint and Chemical Corporation, brought an action of contract in the United States District Court for the District of Puerto Rico against appellant, Fullana Construction Company, to recover the value of certain paint goods sold and delivered to said defendant.

The case was tried by the court without a jury. It appears from the judge's full findings of fact that the paints were ordered from time to time between August, 1954, and October 8, 1955, by one Celestino Santos, a painter employed by the defendant. In each instance, the delivery orders and invoices specifically named the defendant as the purchaser, not Celestino Santos.

The initial deliveries of paint, on or about August 31, 1954, were made pursuant to written orders prepared by Celestino Santos, and signed by defendant's treasurer. However, subsequent deliveries were made to defendant's projects without any prior presentation of written orders for defendant's treasurer to sign. This practice developed upon a representation by Celestino Santos that defendant's treasurer could not always be found without unfortunate delay. In at least many of such instances, the written orders would be approved and signed by an authorized officer of defendant after the actual physical delivery of the paints. Whether or not such written approval was subsequently obtained, it is true that all the paints in question were actually used in low cost housing developments which the defendant was engaged in constructing.

Finally, on October 8, 1955, a letter was received by the seller from the defendant, instructing the seller not to make any further deliveries of paints to its several projects on the basis of orders from Mr. Santos; the letter went on to state that thereafter orders would come on a regular Fullana Construction Company order form. This change in procedure was explained by the testimony of defendant's treasurer as due to the fact that, after the date of the letter, defendant began accumulating paints in its own warehouse, dispatching the paints therefrom only on requisition from the field. But this change in procedure had nothing to do with paints delivered prior to that time.

Before October 8, 1955, the value of the goods which had already been sold and delivered and used by the defendant, as aforesaid, amounted to $10,645.55. From the practice above described, the district judge inferred as a fact that Santos was the duly authorized agent of the defendant up until the receipt of the letter of October 8, 1955, fully empowered, on behalf of the defendant, to order paints for the construction jobs. Accordingly, the district judge entered judgment for the plaintiff in the sum of $10,645.55, from which judgment defendant took this appeal.

We can find no substance to the points raised on appeal. The district judge's findings of fact were well supported by the evidence, and on those findings the judgment for the plaintiff was inescapable.

A judgment will be entered affirming the judgment of the District Court.